IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Keishla D. Negron-Ortiz**<br>*Plaintiff*<br>*v.*<br>**Collins Aerospace d/b/a UTC Aerospace Systems a/k/a Rockwell Collins,<br>Caribbean Temporary Services Holdings LLC d/b/a Caribbean Temporary Services, Inc. d/b/a Caribbean Temporary Services, LLC a/k/a CTS**<br>*Defendants* | CIVIL ACTION<br>Case No. 3:18-cv-2001<br>Employment Discrimination<br>• GENDER/SEX<br>• PREGNANCY<br>*Demand for Jury Trial* |

## **COMPLAINT**

### INTRODUCTION

1. Plaintiff Keishla D. Negron-Ortiz brings this civil action pursuant to Title VII of the Civil Rights Act and the Americans with Disabilities Act to remedy acts of employment discrimination perpetrated against her. Plaintiff contends unlawful acts of discrimination because of her gender/pregnancy and temporary disability, were perpetrated against her by defendants Collins Aerospace d/b/a UTC Aerospace Systems a/k/a Rockwell Collins and Caribbean Temporary Services Holdings LLC d/b/a Caribbean Temporary Services, Inc. d/b/a Caribbean Temporary Services, LLC a/k/a CTS (Hereinafter "Defendants") which led to led to her wrongful termination of employment, when her employer refused to reinstate her back to the workplace upon completion of her maternity leave. Defendants engaged in unlawful gender discrimination.

2. At all relevant times plaintiff was employed by defendant Collins Aerospace d/b/a UTC Aerospace Systems a/k/a Rockwell Collins thru a joint employer relationship with CTS, at its Santa Isabel facility under direct supervision of male Collins Aerospace d/b/a UTC Aerospace Systems a/k/a Rockwell Collins Supervisors. (UTC) Her UTC Aerospace Systems supervisor had complete control of her work environment: Including work materials, employee training, evaluation and procedures. Defendants failed to treat plaintiff in a non-discriminatory manner, and plaintiff's unlawful termination of employment by Supervisors occurred on or about June 27, 2016.

3. The employer used her services when it felt the need prior to her pregnancy, but later refused to reinstate her back to work immediately after her maternity leave. Her employer engaged in unlawful gender/sex discrimination because of pregnancy and excluded her from work.

4. Plaintiff was subjected to workplace discrimination because of gender/pregnancy and temporary disability, while similarly situated male employees were treated more favorably by her employers. Plaintiff was also subjected to discrimination because of her known or perceived temporary disability related to her pregnancy. Her supervisors made remarks to the effect that they didn't want pregnant women and/or women with pregnancy related medical conditions working, remarks made exclusively because of plaintiff's gender and her request for the maternity leave.

5. Upon plaintiff's work exclusion on or about June 27, 2016, male employees were put to perform plaintiff's tasks. Plaintiff was *de facto* replaced by a male employee. Plaintiff was subjected to disparate treatment, and defendants unlawfully *excluded* her from work in violation of Federal and Puerto Rico's Antidiscrimination Laws. At all relevant times she was employed by defendants, under direct supervision of co-defendants Collins Aerospace d/b/a UTC Aerospace Systems a/k/a Rockwell Collins. Defendants failed to treat her in a non-discriminatory manner.

6. Plaintiff respectfully asks the Court to find defendants in violation of Federal Antidiscrimination Laws, specifically Title VII of the Civil Rights Act, the Americans with Disabilities Act, as amended, and Puerto Rico laws, and to award the relief requested below. Defendants violated her rights under Federal and Puerto Rico law, and plaintiff seeks what is fair and just, compensatory, punitive damages, and attorney fees.

## JURISDICTION

7. This Honorable Court has original jurisdiction over Plaintiff's federal claims set forth in this complaint pursuant to 28 U.S.C. §1331 (federal question), and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2, the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12101 et. seq., codified 42 U.S.C. §§12112-12117 (amended by the Civil Rights Act of 1991, Pub. L. No. 102-166), and this Court may also exercise supplemental

jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 (a) because those arise from the same nucleus of operative facts as Plaintiff's federal claims.

8. Venue properly lies before this Court under 28 U.S.C. §1391(b) and 42 U.S.C. Section 2000e-5(f) (3), as plaintiff was employed in Puerto Rico. The plaintiff is a resident of the Commonwealth of Puerto Rico and the acts and/or omissions giving rise to Plaintiff's claim have occurred in this district. A substantial part of the events giving rise to this suit arose on defendant's premises, located in the Commonwealth of Puerto Rico. Accordingly, under 29 U.S.C. §1391 (b) (2), venue lies in this judicial district.

9. Prior to filing this lawsuit, plaintiff filed charges with the U.S. Equal Employment Opportunity Commission ("EEOC"), where she charged defendants with discrimination based on gender/sex and temporary disability (pregnancy). The charges placed defendants on notice of her claims under Federal employment statutes. She received a Notice of Right to Sue dated September 26, 2018 for EEOC Charge No. 16H-2016-00485 and another Notice of Right to Sue dated October 16, 2018, for EEOC Charge No. 16H-2016-00486.

**PARTIES**

10. Plaintiff Keishla D. Negron-Ortiz ("Kesihla") is a citizen of Santa Isabel, Puerto Rico and at all relevant times was employed by defendants in the Commonwealth of Puerto Rico. At all times relevant, she was also assigned to work at co-defendants Collins Aerospace d/b/a UTC Aerospace Systems a/k/a Rockwell Collins ("UTC"), in the winding position and worked at its Santa Isabel facility under direct supervision of the UTC Supervisors. She resides in the judicial District of Puerto Rico. Plaintiff's mailing address is PO Box 177, San Isabel, PR 00757, with telephone number (787) 394-7179.

11. Defendant Collins Aerospace d/b/a UTC Aerospace Systems a/k/a Rockwell Collins ("UTC") is a *for-profit* foreign corporation. Based on information and belief, its registered agent is CT Corporation System, with mailing address 361 San Francisco Street, Old San Juan, PR 00911. At all times, the plaintiff was supervised by defendant, at its Santa Isabel facility. At all

relevant times, she worked under direct supervision of UTC Supervisors, including William Cabrera, who treated her unfavorably because of her gender, pregnancy and temporary disability. Defendant is vicariously liable for plaintiff's supervisors' unlawful actions and omissions. Based on information and belief, defendant UTC own and/or operate an Enterprise Business Unit at the Felicia Industrial Park, Street B, Lot 14, in Santa Isabel, Puerto Rico 00757. Tel. (787) 845-4343. Based on information and belief, UTC parent company Collins Aerospace is headquartered in Charlotte, North Carolina. With mailing address Four Coliseum Centre, 2730 West Tyvola Road, Charlotte NC 28217-4578. Tel. (704) 423-7000. UTC Aerospace Systems has mailing address Call Box 2805, Santa Isabel, PR 00757.

12. Defendant Caribbean Temporary Services Holdings LLC d/b/a Caribbean Temporary Services, Inc. d/b/a Caribbean Temporary Services, LLC a/k/a CTS ("CTS") is a *for-profit* limited liability company registered with the Puerto Rico Department of State. Its resident agent is Carlos Concepcion Castro with street address Calle Claudia #9, Suite 301, Amelia Industrial Park, Guaynabo, PR 00958 and Principal Office/Mailing Address Ave. Ponce de Leon 1431, Suite 701, San Juan PR 00901. Defendant CTS shared employer responsibility with UTC Aerospace Systems thru a joint employer relationship to supply temporary employee staff to UTC Aerospace Systems facility. UTC Aerospace Systems Supervisors and CTS Supervisors both treated the plaintiff unfavorably because of gender in violation of Title VII. CTS failed to stop it. Hereinafter defendants Collins Aerospace d/b/a UTC Aerospace Systems a/k/a Rockwell Collins and Caribbean Temporary Services Holdings LLC d/b/a Caribbean Temporary Services, Inc. d/b/a Caribbean Temporary Services, LLC a/k/a CTS, will be collectively referred to as "Defendants".

13. Plaintiff reserves de right to amend this Complaint, if necessary, to include other employer's supervisors and/or entities that could be held vicariously liable for defendant's actions.

14. Defendants are employees, agents, supervisory personnel and were, at all times material to this Complaint, acting in the course and scope of employment. Defendants participated

in and/or directed the unlawful violations alleged herein or knew of the violations and failed to act to prevent. All individual defendants are jointly liable for monetary damages alleged herein.

## FACTUAL ALLEGATIONS

15. Plaintiff Keishla D. Negron-Ortiz ("Keishla"), a female employee, began to work for co-defendant UTC Aerospace Systems through its joint employer relationship with co-defendant CTS, on March 2014.

16. During the month of March 2016, the plaintiff became ill due to pregnancy related medical conditions, and she requested a medical leave under SINOT. She became temporarily disabled due to her pregnancy and pregnancy related medical conditions. Due to her pregnancy related medical conditions, she went into labor prematurely in the month of April 2016, and then took her maternity leave.

17. On June 20, 2016, CTS Supervisor informed the plaintiff she was to return to work on June 27, 2016. On June 27, 2016, then Supervisors informed she could not be placed her back to work. Plaintiff went in person to CTS San German's office and male Supervisor Jose Ayala informed her she would not be returned back to work at UTC. All the while, both CTS and Collins Aerospace d/b/a UTC Aerospace Systems a/k/a Rockwell Collins continued to recruit new employees. Male employees kept their jobs, contracts were renewed and/or were hired for UTC.

18. Upon completion of her maternity leave, on or about June 27, 2016, her employers refused to reinstate her back to work. Plaintiff was subject to unlawful termination of employment.

19. Plaintiff was not asked, nor allowed to return back to work at Collins Aerospace d/b/a UTC Aerospace Systems a/k/a Rockwell Collins.

20. While similarly situated male employees were kept working and/or were hired.

21. Plaintiff was discriminated by both CTS and Collins Aerospace d/b/a UTC Aerospace Systems a/k/a Rockwell Collins, because of gender and pregnancy. Prior to plaintiff's pregnancy she was never subjected to disparate treatment and discriminatory actions, including exclusion from work. Defendants treated the plaintiff different because of her gender, pregnancy,

and pregnancy related temporary disability. As a result, defendants engaged in unlawful work conduct by failing to reinstate the plaintiff back to work, immediately after her childbirth and her pregnancy related leave.

22.     At all relevant times, plaintiff was qualified for her position and over the span of time of her employment, defendants recognized thru performance evaluations, plaintiff always met their expectations. Defendants were aware of her gender and/or her temporary disability due to her pregnancy related medical conditions. Plaintiff's temporary disability was the result of her pregnancy related medical conditions. She was an "individual with a disability" within the meaning of 29 U.S.C. §705(20) (A) and 42 U.S.C. §12102 (1).

23.     The employer's alleged reason to exclude her from work and failing to reinstate her back to work after her pregnancy, are a *pretext* for gender discrimination. Her supervisors sought to exclude plaintiff because of her gender and/or pregnancy. Defendants treated her less favorably than similarly situated male employees, because of her gender as a female and her maternity leave.

24.     Defendants violated Company Policy prohibiting workplace discrimination, as plaintiff was treated differently because she was a woman, pregnant and/or engaged in her maternity leave, but failed to reinstate her back to work. Her employers failed to take immediate corrective action. Said company policy was either ineffective or defendants employees failed to effectively apply it to this case.

## Administrative Exhaustion

25.     Plaintiff filed several EEOC Complaints charging defendants with gender and pregnancy related temporary disability, discrimination. The EEOC issued Notices of Right to Sue, and Plaintiff has filed this civil action within 90 days of receipt of Agency's notices. Accordingly, plaintiff has exhausted administrative remedies pursuant to 42 U.S.C. §2000e-5 and this Complaint is properly filed. Plaintiff comes before this Court to seek what is deemed to be fair and just, thru reasonable compensation for damages as result of employer's unlawful work practices.

## CAUSES OF ACTIONS

### COUNT I: Gender Discrimination/Violation of Title VII of the Civil Right Act

26. The foregoing paragraphs are realleged and incorporated by reference herein.

27. Defendants' conduct as alleged at length herein constitutes discrimination based on *gender* in violation of Title VII. The stated reason for defendant's actions were not the true reasons, but instead were *pretext* to hide defendant's discriminatory *animus*.

28. The Pregnancy Discrimination Act of 1978, as amended, amended Title VII to prohibit sex discrimination on the basis of pregnancy. Discrimination in the workplace against a pregnant woman is illegal under Federal law because the Pregnancy Discrimination Act (PDA) protects the plaintiff from discrimination on the basis of her pregnancy.

29. Plaintiff was treated unfavorably because of her pregnancy and medical conditions related to her pregnancy. A pregnancy considered a temporary disability. Defendant failed to return the plaintiff back to the workplace upon completion of her maternity leave. Defendant excluded the plaintiff from the workplace because she was a woman and because of her pregnancy.

30. The plaintiff was subjected to discriminatory conduct when she was unlawfully excluded from work with a pretextual excuse and was not returned to work after her pregnancy. This conduct was based upon and directed at plaintiff by reason of her *gender*. Plaintiff suffered willful sex-based and/or gender discrimination in the workplace, and was treated unfavorably by her employers, because she was a *woman*. As a result, she was treated less favorably than male/non-disabled counterparts and subjected to disparate treatment.

31. **The Pregnancy Discrimination Act (PDA) which amended Title VII of the Civil Rights Act of 1964 established that discrimination on the basis of pregnancy, childbirth, or related medical condition constitutes unlawful sex discrimination under Title VII.** Women affected by pregnancy or related conditions MUST be treated in the same manner as other employees who are similar in their ability to work or inability to work. Pregnant employees MUST be permitted to work as long as they are able to *perform their jobs*. If an employee has been absent

from work as a result of a pregnancy related condition and recovers, her employer MAY NOT exclude her from the workplace. Under the PDA an employer cannot take adverse action against a woman (removing from workplace or filing to reinstate after maternity leave) if her pregnancy, childbirth or related medical condition WAS a motivating factor, even if the employer believed it was acting in the employee's best interest. **An employer MAY NOT exclude an employee from work simply because she was pregnant as long as she is able to continue to perform her job.**

32. Puerto Rico's Act No. 100, approved on June 30, 1959, as amended, is Puerto Rico's Employment Anti-Discrimination Act ("Ley Contra el Discrimen en el Empleo"). It prohibits discrimination by the employer based on an employee's *gender*. 29 L.P.R.A. §146. Specifically, it prohibits employers from taking adverse action against an employee because of her sex, with regards to the terms and conditions of employment, refusing to keep or reincorporate employee into a job, willful deprivation of employment and/or taking adverse actions that negatively affect employment status. It also creates a *presumption*.

33. Defendants failed to *timely* incorporate the plaintiff back to work after pregnancy.

### COUNT II: Violation of the Americans with Disabilities Act (42 U.S.C. §12101 et. seq.)

34. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

35. The Americans with Disabilities Act, as amended, 42 U.S.C. §12101 et. seq., prohibits employers from discriminating against people with disabilities in employment, including failing to make reasonable accommodations to known limitations of otherwise qualified individuals with disabilities, unless the employer can demonstrate that the accommodation would impose an undue hardship. The Americans with Disabilities Act of 1990, makes it illegal to discriminate against qualified persons with disabilities.

36. Plaintiff's pregnancy and pregnancy related medical conditions were considered temporary disability. Defendant failed to give the plaintiff timely reasonable accommodation and/or discriminated against her because of her pregnancy and related medical conditions.

37. Defendants knew or had reason to know of plaintiff's disability. Her temporary disability affected her major life's activities, including her ability to stand, bend, lift and work. Plaintiff often had to take time off from work to visit physicians and engage in treatment.

38. Plaintiff was able to perform essential functions of her job, was a qualified individual who had disability during period in question and was excluded because of her condition.

39. Plaintiff suffered adverse employment action which includes her exclusion from the workplace because of her pregnancy.  A discriminatory action motivated by her Supervisor's *prejudice*. Defendants ignored or denied the duty to reinstate the plaintiff back to the workplace. Plaintiff's claim also satisfies elements for a claim of discrimination under ADA.

40. Plaintiff's employer denied her the opportunity to continue to work, in spite of being qualified to work and having met work expectations.  While other employees with no disability, were allowed to continue to work.

41. Defendants are jointly and severally liable.

## COUNT III: Violation of Commonwealth of Puerto Rico Laws

42. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

### Working Mother Protection Act

43. Puerto Rico's Working Mother Protection Act, known as "Ley de Proteccion de Madres Obreras" as amended, prohibits employers from discriminating against employees because of diminished working capacity resulting from pregnancy. It makes it unlawful to exclude from the workplace, place in suspension and/or discriminate in any way against pregnant employees.

44. Plaintiff is entitled to *doubling* of damages pursuant to Puerto Rico Act No. 3, 29 L.P.R.A. §___ et seq.

45. Defendants unlawfully excluded the plaintiff by refusing to reinstate her back to work after pregnancy, with a pretextual excuse. Said action was taken because of plaintiff's gender and her pregnancy. Defendants sought to exclude the plaintiff from work after maternity leave.

46. Defendants also failed to follow employee handbook's procedures.

## Wrongful Termination

47. The foregoing paragraphs are realleged and incorporated by reference herein.

48. Defendants' conduct as alleged at length herein constitutes wrongful termination of plaintiff's employment. In the absence of a *justifiable cause*, the stated reasons for defendants' conduct were not the true reasons, but instead were *pretext* to hide defendants' discriminatory *animus* to remove the plaintiff because she was a woman and engaged in her maternity leave.

49. In the present case, the plaintiff will show with preponderance of evidence that other similarly situated male employees were not discharged from employment. Several male employees were kept working, rehired and/or hired. While plaintiff was selectively targeted for exclusion from the workplace because of her gender.

50. Puerto Rico's Act No. 80, approved on May 30, 1976, as amended, prohibits employer's wrongful termination without *just cause* in the Commonwealth of Puerto Rico. 29 L.P.R.A. §185a. By failing to reinstate the plaintiff back to work after her maternity leave, the employer sought to unlawfully exclude the plaintiff from the workplace. In this case, management choose to exclude the plaintiff because of her gender, while male employees were not terminated from employment. In addition, alleged justification for her termination was a fabricated pretext.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court declares that Defendants' conduct was illegal and in violation of legal statutes herein identified, and that it grants Plaintiff the following remedies:

A. That this Honorable Court issues a Declaratory Judgment declaring that Defendants' actions and/or omissions violate applicable law.
B. That this Honorable Court award Plaintiff all loss benefits, and other equitable relief.
C. That this Honorable Court enjoins Defendants from engaging in additional discrimination and retaliation against the Plaintiff.

D. That this Honorable Court award ***compensatory and general damages*** in the amount of **$1,000,000.00** against all Defendants sued in their individual and/or representative capacities, for the Plaintiff, or an amount to be determined according to proof during the trial, as a remedy for the mental and emotional distress and discomfort that Plaintiff suffered, as provided by laws of the United States and the Commonwealth.

E. That this Honorable Court award exemplary and ***punitive damages*** in the amount of **$1,000,000.00** against all Defendants sued in their individual and/or representative capacities, or an amount to be determined at trial, in light of Defendants' willful, wanton, and malicious acts with conscious disregard and indifference to her rights.

F. That this Honorable Court award Plaintiff her costs, expenses, and attorney's fees.

G. Pre-judgment interest; and as indicated above, the Plaintiff seeks *compensatory* damages, *statutory* damages, *punitive* damages, *injunctive relieve* and any other relief this Court deems equitable, just and appropriate.

## JURY DEMAND

Plaintiff respectfully requests a *jury trial* on all issues triable to a jury.

In San Juan, Puerto Rico, on this 23rd. Day of December 2018.

Respectfully submitted,

/S/ Humberto Cobo-Estrella
Humberto Cobo-Estrella, Esq.
**USDC-PR230108**
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 529-7140
Email: hcobo@hcounsel.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading will be served upon all parties for whom counsel has not yet entered an appearance electronically.

/S/ Humberto Cobo-Estrella, Esq.
*Attorney for the Plaintiff*